UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DIANA A. KNOX AND PHILIP L. KNOX, JR.

                      Plaintiffs,

      -against-

COUNTRYWIDE BANK; BANK OF AMERICA
N.A.; OCWENS LOAN SERVICING, LLC;
FEDERAL NATIONAL MORTGAGE
ASSOCIATION; MERSCORP HOLDINGS, INC.;
and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
                      Defendants.
----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 09 2015 ★
LONG ISLAND OFFICE

ORDER
13-CV-3789 (JFB)(SIL)

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Locke, advising the Court to grant the defendants' motions for summary judgment, and to deny plaintiff's motion to file an amended complaint and cross-motion for summary judgment. The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (See R&R, dated July 29, 2015, at 20.) The date for filing any objections has since expired, and plaintiff has not filed any objection to the R&R.[1] For the reasons set forth below, the Court adopts the

---

[1] Although plaintiffs filed not objections, plaintiffs did submit a pre-motion letter on August 31, 2015 to Magistrate Judge Locke after the issuance of the R&R suggesting that the case was improperly removed from state court, and that they wish to file a motion with respect to the Court's subject matter jurisdiction. However, in a Memorandum and Order, dated March 12, 2014, this Court already denied plaintiffs' motion to remand because plaintiffs alleged diversity of citizenship in their complaint, and sought $309,941.22 in damages, and nothing in their remand motion casted doubt on their allegations in the complaint. Moreover, the Notice of Removal confirmed that diversity of citizenship exists among the parties. *See* Notice of Removal, at ¶ 10. The latest August 31st letter provides no factual or legal basis to question the prior ruling by this Court that subject matter jurisdiction exists. Thus, to the extent that the letter could be construed as a motion for reconsideration of that issue, that motion is denied. Even if construed as an objection to the R&R, the Court reviews that objection *de novo*, and again finds that there is no basis to question the Court's subject matter jurisdiction as set forth in the complaint and the Notice of Removal.

thorough and well-reasoned R&R in its entirety, and dismisses plaintiff's complaint.

Where there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although plaintiffs have waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution and HEREBY ADOPTS the well-reasoned and thorough R&R in its entirety.

IT IS HEREBY ORDERED that the defendants' motions for summary judgment are granted and the plaintiffs' cross-motion for summary judgment is denied. Plaintiffs' motion to amend the complaint is also denied. The case is dismissed. The Clerk of the Court is directed to close the case.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: September 9, 2015
Central Islip, New York